UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS CHARLES LEE,

       Plaintiff,                                  Civil Action No. 17-CV-12287

vs.                                         HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING FOR FURTHER PROCEEDINGS

This matter is presently before the Court on cross motions for summary judgment [docket entries 16 and 19]. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing. For the reasons stated below, the Court shall grant plaintiff's motion, deny defendant's motion, and remand the case for further proceedings.

Plaintiff has brought this action under 42 U.S.C. § 405(g) to challenge defendant's final decision denying his applications for Social Security disability insurance benefits and Supplemental Security Income benefits. An Administrative Law Judge ("ALJ") held a hearing in October 2016 (Tr. 37-68) and issued a decision denying benefits in March 2017 (Tr. 16-29). This became defendant's final decision in June 2017 when the Appeals Council denied plaintiff's request for review (Tr. 1-4).

Under § 405(g), the issue before the Court is whether the ALJ's decision is supported by substantial evidence. As the Sixth Circuit has explained, the Court

must affirm the Commissioner's findings if they are supported by substantial evidence and the Commissioner employed the proper legal standard. *White*, 572 F.3d at 281 (citing 42 U.S.C. § 405(g)); *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (internal quotation marks omitted); see also *Kyle*, 609 F.3d at 854 (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)). Where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). However, a substantiality of evidence evaluation does not permit a selective reading of the record. "Substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (internal citations and quotation marks omitted).

*Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 640-41 (6th Cir. 2013).

At the time of the ALJ's decision, plaintiff was 45 years old. He has a high school education and relevant work experience as a warehouse worker and forklift operator (Tr. 64, 196, 241). Plaintiff claims he has been disabled since April 2014 due to back pain, nerve damage, anxiety, flashbacks, and PTSD (Tr. 195). At the hearing, plaintiff also indicated he also has "constant headaches" (Tr. 47).

The ALJ found that plaintiff's severe impairments are "major depressive disorder and posttraumatic stress disorder" and that his back pain ("lumbar spine anterior spurring and intervertebral osteochondrosis") is non-severe (Tr. 21). The ALJ found that plaintiff cannot perform his past work, but that he has the residual functional capacity ("RFC") to perform a limited range

of unskilled work.[1]  A vocational expert ("VE") testified in response to a hypothetical question that

a person of plaintiff's age, education, and work experience, and who has this RFC, could perform

certain unskilled jobs such as scrap sorter, folder, and inspector (Tr. 65).  The ALJ cited this

testimony to support his conclusion that work exists in significant numbers that plaintiff could

perform (Tr. 28).

Having reviewed the administrative record and the parties' briefs, the Court

concludes that the ALJ's decision in this matter is not supported by substantial evidence because his

RFC evaluation of plaintiff is flawed.  Since the hypothetical question incorporated this flawed RFC

evaluation, it failed to describe plaintiff in all relevant respects and the VE's testimony given in

response thereto cannot be used to carry defendant's burden to prove the existence of a significant

number of jobs plaintiff is capable of performing.

The ALJ's RFC evaluation is flawed for the following reasons.  First, the ALJ failed

to consider the side effects of plaintiff's medications.  The record indicates that plaintiff takes, or

---

[1] Specifically, the ALJ found that plaintiff can

> perform a full range of work at all exertional levels but with the
> following nonexertional limitations: the claimant cannot do work that
> requires exposure to hazards including work at unprotected heights
> or around dangerous moving machinery.  The claimant cannot climb
> ladders, ropes, or scaffolds.  He cannot drive in the course of his
> employment.  The claimant has an ability for but is restricted to
> unskilled work, defined as the ability to perform simple, routine,
> repetitive work that needs little or no judgment to do simple duties
> that may be learned on the job in a short period of time.  The claimant
> cannot work with the general public.  He can have no more than
> occasional contact with coworkers or supervisors.  The claimant
> cannot do work that is fast paced, where the pace is set by others
> (such as assembly line or conveyor belt work).

(Tr. 24).

at various times has taken, a large number of medications, including Invega, Lisinopril, Metoprolol, Neurontin, Tramadol, Vicodin, Lamictal, Paxil, Norco, Flexeril (cyclobenzaprine), Flomax, Gabapentin, Xanax, Diazepam, Etodolac, Naproxen, and Lamotrigine (Tr. 198, 237, 337-38, 379, 412, 442, 445, 510-11, 518), several of which have known side effects. On his function report and at the hearing plaintiff indicated that he experiences drowsiness as a medication side effect (Tr. 56, 210).

The ALJ's failure to make any findings as to this issue is an error requiring remand, as the Sixth Circuit has held that the ALJ must evaluate "[t]he type, dosage, effectiveness, and side effects of any medication" as part of the process of determining the extent to which side effects impair a claimant's capacity to work. *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 532 (6th Cir. 2014) (quoting 20 C.F.R. § 416.929(c)(3)(i)-(vi)). Further, hypothetical questions to vocational experts must account for medication side effects. *See White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 789-90 (6th Cir. 2009). On remand, the ALJ must determine which medications plaintiff was taking during the relevant time period; make findings as to the nature and severity of these medications' side effects, if any; adjust his findings, as appropriate, regarding plaintiff's RFC; and incorporate these findings in proper hypothetical questions to the VE.

Second, the RFC evaluation is flawed because the ALJ neglected to make required findings concerning the effect, if any, of plaintiff's obesity on his other impairments. The record contains several notations that plaintiff's body mass index ("BMI") is over 30 (*see, e.g.,* Tr. 255, 260, 332, 359, 430), which is the point at which defendant's regulations consider a person to be obese. *See* SSR 02-1p. The ALJ must consider a disability claimant's obesity at all steps of the sequential process. *See id.,* Policy Interpretation ¶ 3. Further,

[o]besity is a medically determinable impairment that is often associated with disturbance of the musculoskeletal system, and disturbance of this system can be a major cause of disability in individuals with obesity. The combined effects of obesity with musculoskeletal impairments can be greater than the effects of each of the impairments considered separately. Therefore, when determining whether an individual with obesity has a listing-level impairment or combination of impairments, and when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity, adjudicators *must consider* any additional and cumulative effects of obesity.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00Q (emphasis added).

In the present case, there is no indication that the ALJ gave any consideration to plaintiff's obesity, or that he was even aware of plaintiff's obesity. On remand, the ALJ must make specific findings as to the effect, if any, of plaintiff's obesity on his other impairments. In particular, the ALJ must determine whether and to what extent plaintiff's obesity exacerbates his back pain and affects his ability to sit, stand, walk, or concentrate. The ALJ must include any such findings in reevaluating plaintiff's RFC and, as appropriate, in framing revised hypothetical question(s) to the VE.

Third, the RFC assessment in this matter is flawed because substantial evidence does not support the ALJ's finding that plaintiff's back pain is a non-severe impairment (Tr. 21-23). As this Court has explained,

[a]t Step Two of the sequential evaluation process, Plaintiff was required to show that she suffered from a severe impairment. A severe impairment or combination of impairments is one that significantly limits the claimant's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Basic work activities, defined as the physical or mental abilities and aptitudes necessary to perform most jobs, includes the ability to walk; stand; sit; lift; push; pull; reach; carry; handle; see; hear; speak; understand, carry out, and remember simple instructions; use

judgment; respond appropriately to supervision, coworkers and usual work situations; and deal with changes in a routine work setting. 20 C.F.R. §§ 404.1521, 416.921. The Sixth Circuit court has determined that the step-two requirement serves as a "de minimus" threshold hurdle in the disability process. *Higgs v. Bowen*, 880 F.2d 860, 862–63 (6th Cir.1988). The inquiry at step two functions as an "administrative convenience to screen out claims that are totally groundless" from a medical perspective. *Id.* at 863 (citation omitted). An impairment will be considered non-severe only if it is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience." *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 90 (6th Cir.1985) (citation omitted). "Under this standard, the question . . . is whether there is substantial evidence in the record supporting the ALJ's finding that [the plaintiff] has only a 'slight' impairment that does not affect her ability to work." *Id.*

*Betty v. Comm'r of Soc. Sec.*, No. 15-CV-10734, 2016 WL 1105008, at *3 (E.D. Mich. Feb. 17, 2016), report and recommendation adopted, No. 15-CV-10734-DT, 2016 WL 1090554 (E.D. Mich. Mar. 21, 2016).

In the present case, the ALJ clearly erred in dismissing plaintiff's back pain as non-severe. Plaintiff testified that he wears a back brace; that his back pain is at eight or nine on a ten-point scale; that his back pain significantly limits his ability to sit, stand, walk, and lift; and that he lies down five times per day for 30-60 minutes each time to relieve his back pain (Tr. 50-55). The ALJ did not evaluate this testimony. In addition, objective evidence establishes abnormalities in plaintiff's lumbar spine. In November 2015, Dr. Jagadeesh noted that "[l]umbar xray showed Moderate degen[er]ative disorder at L5-S1 level" (Tr. 573) and xrays of plaintiff's lumbar spine in April 2016 showed "anterior spurring" and "intervertebral osteochonddrosis at L5-S1" (Tr. 421). Plaintiff has repeatedly been diagnosed with lumbago and lumbar spondylosis (Tr. 340, 378, 384, 398, 573), and he has been prescribed physical therapy (Tr. 345-53), a back brace (Tr. 378, 384, 413,

517, 537, 544), a TENS unit (Tr. 537, 541, 544), and various pain medications. Additionally, the Court notes that the Disability Determination Service found that plaintiff has a severe spine disorder (Tr. 74, 88). Under these circumstances, the ALJ's finding that plaintiff's back pain is a non-severe impairment is not supported by substantial evidence. On remand, the ALJ must proceed beyond Step Two of the sequential evaluation process, make findings as to the nature and severity of plaintiff's back impairment and, as appropriate, adjust his RFC assessment of plaintiff and his hypothetical question(s) to the VE.

For these reasons, the Court concludes that the ALJ's decision in this matter is not supported by substantial evidence. Remanding the matter for an award of benefits would not be appropriate at this time because the record, in its current state, is not such that "proof of disability is overwhelming or . . . proof of disability is strong and evidence to the contrary is lacking." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). Rather, the matter must be remanded so that the record may be further developed to address the deficiencies noted above. Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is denied.

IT IS FURTHER ORDERED that plaintiff's motion for remand is granted and this

matter is remanded for further proceedings to address the errors identified in this opinion. This is

a sentence four remand under § 405(g).


Dated: February 7, 2018                    s/Bernard A. Friedman
      Detroit, Michigan                    BERNARD A. FRIEDMAN
                                        SENIOR UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 7, 2018.


                                      s/Johnetta M. Curry-Williams
                                      Case Manager